## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CERTAIN UNDERWRITERS** | ) | |
| **AT LLOYD'S LONDON, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-CV-2426-EFM** |
| | ) | |
| **GARMIN INTERNATIONAL, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

As set out in the Pretrial Order, this is a declaratory judgment action to determine whether Defendant Henry P. Bartle (Bartle) is entitled to coverage under the Aviation Products and Grounding Liability Insurance Policy AB0700442 (the Policy) issued by Plaintiffs to Defendant Garmin International, Inc. (Garmin). The proposed coverage would insure Defendant Bartle against personal injury claims brought by passengers of his Lancair IV-P aircraft and arising out of a crash that occurred on February 26, 2008.[1] Before the Court are two related motions: (1) Motion to Compel Appearance at Depositions (ECF 53), filed by Defendant Bartle; (2) Defendant Garmin's Motion for Entry of Protective Order (ECF 54). By his motion Bartle seeks an order to compel Garmin employees Cliff Pemble (President and Chief Operating Officer), Frank McLoughlin (Vice President of Aviation Engineering), Phil Straub (Vice President and Managing Director of Aviation), and Tim Casey (Aviation Sales Manager) to appear for properly noticed depositions.[2] Garmin opposes that motion. And it moves for a protective order under Fed. R. Civ. P. 26(c) to prohibit Bartle from

---

[1]Pretrial Order § 2.

[2]Mot. Compel at 1.

deposing these high-level employees and officers, or alternatively to limit the depositions.[3]  For the

reasons set out below, the Court grants the motions in part and denies them in part.

I.      **Relevant Factual Background**

At issue is whether an insurance policy issued to Garmin provides coverage to Bartle and

whether the two defendants – Garmin and Bartle – were engaged together in a joint venture or other

business enterprise.  Bartle contends that a joint business enterprise commenced when Chris Schulte,

an engineer for Garmin, approached him in 2006 about testing a Garmin system in Bartle's Lancair

IV-P aircraft.[4]  The latter issue is also being litigated in California by passengers injured in the crach

of February 26, 2008.  The California action is set for trial on October 9, 2012, and extensive

discovery took place on the joint venture issue prior to the close of discovery in November 2011.[5]

In June 2012 the California court denied Bartle's March 2012 motion to re-open discovery to depose

additional Garmin employees, including Pemble and McLoughlin.[6]

On July 2, 2012, in this action, Bartle requested dates for deposing four employees of Garmin

that he contends have knowledge and information regarding these issues.  On July 6, 2012, he served

notices for their depositions to be taken July 13, 2012.[7]  Based on the revised Scheduling Order,

discovery closed July 16, 2012.

Upon receiving the notices, Garmin objected that there is no reasonable basis for the

---

[3]*See* Garmin's Resp. Opp'n (ECF 56); Garmin's Mot. Prot. Order (ECF 54).

[4]*See* Pretrial Order § 5.c.

[5]*See* Decl. Goff ¶¶ 3-7 (ECF 55-1).

[6]*See id.* ¶ 11; ECF 55-2 (Ex. C and D).

[7]*See* ECF 55-2 (Notices of Videotaped Deposition, Ex. E).

depositions.  It indicated it would seek a Rule 26(c) protective order against them.  Bartle thereafter moved to compel the depositions.  Garmin responded with its motion for protective order.  Garmin claims the depositions are improper under the "apex doctrine" and that the notices and motion to compel are untimely.  It contends that the noticed depositions constitute a transparent attempt to end run around closed discovery in the  related litigation, pending in California.  In that action Bartle unsuccessfully sought to reopen discovery to depose McLoughlin and Pemble.

Bartle contends that the deposition notices and his motion to compel are timely.  He also argues that neither the Tenth Circuit Court of Appeals nor the District of Kansas has adopted the apex doctrine.

The motions before the Court are fully briefed and ready for ruling.

## II.    Timeliness

Garmin claims the notices of depositions are untimely, because the Scheduling Order requires all discovery to "be commenced or served in time to be completed by June 15, 2012", later extended to July 16, 2012.  It argues that, given the contentious discovery disputes in the California action, Bartle should have anticipated objections to his noticed depositions in this action, which would prevent the depositions from being resolved by the close of discovery.  That novel argument is unpersuasive and completely misses the mark.  In the District of Kansas, when a party notices a deposition in accordance with the Federal Rules of Civil Procedure and the local rules of this Court, the notice is not untimely under the Scheduling Order merely because it may prompt an objection or motion for protective order that delays completion of the deposition until after the close of discovery.  A motion to compel, furthermore, is not untimely merely because its briefing will not be completed within the time to complete discovery.

Garmin cites two cases to support its theory of untimeliness – one issued by the undersigned magistrate judge and one from another jurisdiction.  Both of them are distinguishable on their facts.  In *Hunsaker v. Proctor & Gamble Manufacturing Company*, No. 09-2666-KHV, 2010 WL 5463244 (D. Kan. Dec. 29, 2010), this Court found subpoenas untimely under the same scheduling order provision relied upon by Garmin.[8]  It did so, however, because one day before the discovery deadline, the defendant served the plaintiff notice of the subpoenas, which required production of documents after that deadline.[9]  In contrast, Bartle requested, noticed, and scheduled the depositions in this case before the July 16, 2012 discovery cut-off.  *Hunsaker* is inapposite to the current factual situation.

The United States District Court for the Southern District of California held in *Lacy v. American Biltrite, Inc.*, No. 10-CV-0830 JM RBB, 2012 WL 909309 (S.D. Cal. Mar. 16, 2012) that "the attorneys were required to initiate all discovery in advance of the cutoff date so that it may be completed by that date, taking into account time for service, responses, and motions to compel."[10]  It did so, however, because the scheduling order specifically stated:  "All discovery shall be completed by all parties on or before May 23, 2011; *this includes discovery ordered as a result of a discovery motion.*"[11]  The Scheduling Order in this case does not include the latter clause.  That clause creates a material difference between this case and *Lacy*.

For these reasons the Court finds the notices of depositions and the motion to compel timely

---

[8] *See* 2010 WL 5463244, at *1.

[9] *See id.*

[10] 2012 WL 909309, at *5.

[11] *Id.* (emphasis in original).

under the Scheduling Order, and amendments thereto, entered in this case.

### III.   Motion for Protective Order

Garmin argues that good cause exists to prohibit the depositions of its high-level employees under the "apex doctrine."   It describes the doctrine to require Bartle to show that (1) there are no less intrusive means to obtain the information sought from the employees and (2) the employees possess unique or superior knowledge regarding his claims.[12]  Alternatively it asks the Court to limit the depositions, if it does not prohibit them.[13]  More specifically, if the Court allows them to proceed, Garmin argues in the alternative that the Court should limit their use to this litigation, prohibit Bartle's attorneys in the California action from attending the depositions, and limit them to two hours in duration.[14]

The parties disagree whether the apex doctrine has been adopted by the Tenth Circuit Court of Appeals or used by the courts in the District of Kansas.  This Court finds no Tenth Circuit opinion that adopts the doctrine.  Considering it a few years ago, one judge in this District rejected the notion that there is "an absolute threshold test that must be met before Apex Officials can be deposed" and further noted that "the Tenth Circuit has never adopted any special test for such executives."[15]  That characterization appears accurate.  Contrary to Garmin's arguments, the Tenth Circuit did not adopt the apex doctrine in *Thomas v. International Business Machines*, 48 F.3d 479 (10th Cir. 1995).  As

---

[12]Mem. Supp. Mot. Prot. Order at 2.

[13]*Id.* at 8.

[14]Reply Supp. Mot. Prot. Order at 7-8.

[15]*See Van Den Eng v. Coleman Co., Inc.*, No. 05-MC-109-WEB-DWB, 2005 WL 3776352, at *2 (D. Kan. Oct. 21, 2005).

recognized in *Van Den Eng*, *Thomas* suggests that the lower courts properly address motions for protective order to preclude depositions of high-level officials or executives under the standard of Rule 26(c), while also considering special factors that may apply to such officials.[16]  This Court thus addresses the instant motion for protective order under the familiar standard of Rule 26(c).

Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The movant must show good cause for a protective order.[17]  The party seeking the deposition "does not have the burden to justify his decision to depose" chosen individuals.[18]  Of course, if the party opposing the discovery provides a sufficient basis for the Court to find good cause for a protective order, the Court also considers other factors that were or could have been presented by the party seeking the discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[19]

---

[16]*See id.*

[17]*Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[18]*Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, No. 01-2009-KHV, 2002 WL 922082, at *2 (D. Kan. May 2, 2002); *Simpson v. Home Depot, Inc.*, No. 00-2285-JAR, 2002 WL 485661, at *2 (D. Kan. Mar. 7, 2002).

[19]*See, e.g.*, *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (noting factors demonstrating good cause for the court's protective order and then further considering that the party seeking the deposition made no attempt to demonstrate that the sought information could not be gathered from other sources, for whom a deposition might have been less burdensome); *Gazaway v. Makita U.S.A., Inc.*, No. 97-2287-JWL, 1998 WL 219771, at *3 (D. Kan. Apr. 16, 1998) (after finding an adequate showing of good cause, the court considered that "Plaintiff has shown no crucial need for the deposition" and that the plaintiff had not shown why discovery from others "has not or could not be obtained").  Garmin misreads these cases as changing the burden to show good cause.  The cases instead merely reflect that even when facts may establish good cause when examined alone, other facts that were or could have been presented by the party seeking the discovery could alter the showing of good cause.

Courts have broad discretion to decide when a protective order is warranted, and if warranted, the scope of protection required given the situation at hand.[20]   Through Rule 26(c), the courts have "substantial latitude to fashion" an appropriate protective order after fairly weighing "the competing needs and interests of the parties affected by discovery."[21]   Despite the broad grant of discretion given the courts, a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c).[22]   Courts do not favor completely barring a deposition.[23]   In fact, they rarely do so under Rule 26(c) except in extraordinary circumstances.[24]   To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[25]

Garmin argues that good cause exists to preclude the depositions, because Bartle has shown no less intrusive means to obtain the sought information or that the proposed deponents possess unique or superior knowledge, extensive discovery on the joint-venture issue has occurred in the California action, and the proposed depositions is merely an end-run around the elapsed discovery deadline in that action.   It contends that proposed deponents Pemble, Straub, and McLoughlin lack personal knowledge regarding Bartle's claims.   It does not make a similar contention regarding Casey.   It instead argues that Bartle chose not to depose him in the California action despite ample

---

[20]*Layne Christensen Co.*, 271 F.R.D. at 244.

[21]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[22]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[23]*Leighr v. Beverly Enterprises-Kansas Inc.*, 164 F.R.D. 550, 552 (D. Kan. 1996).

[24]*See Mike v. Dymon, Inc.*, 169 F.R.D. 376, 378 (D. Kan. 1996).

[25]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

opportunity to do so, and that the Court should not permit Bartle to obtain additional discovery for the California action.[26]

That Bartle is a party to the California action does not mean that he should be limited to the discovery from that action.[27]  That he may have had ample opportunity to obtain discovery in the California action does not mandate that the Court limit discovery in this action.[28]  The discovery deadline in the other action is likewise immaterial to whether the Court should preclude the proposed discovery in this case.  If some overlapping exists in the two cases, the Court nevertheless does not find that the issues in the California litigation and those here are identical.   As already mentioned, furthermore, Bartle has no burden to justify the depositions.  Garmin's arguments of themselves do not show good cause to preclude the depositions.

Garmin, however, also supports its motion with declarations from three of the four proposed deponents (Pemble, Straub, and McLoughlin)[29] and provides a deposition transcript to show that Bartle testified that he has never met or corresponded with any of the four.[30]  The three proposed

---

[26]Reply Supp. Mot. Prot. Order at 7.

[27]*See Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, No. 01-2009-KHV, 2002 WL 922082, at *1-2 (D. Kan. May 2, 2002) (declining to preclude depositions on grounds that the deponents had been deposed on the same subject in similar litigation by other attorneys).

[28]Garmin briefly relies on Fed. R. Civ. P. 26(b)(2) for limiting discovery in this action.  *See* Mem. Supp. Mot. Prot. Order at 5-6.  Rule 26(b)(2)(C)(ii) requires courts "to limit the frequency or extent of discovery" when it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  It differs from limiting or precluding discovery under Rule 26(c)(1).  The rule, moreover, does not contemplate a mandatory limitation when a different action provided the ample opportunity to obtain the information.

[29]*See* ECF No. 86-1 (Decl. Pemble ¶ 2; Decl. Straub ¶ 2; Decl. McLoughlin ¶ 2).

[30]*See* Tr. Dep. Bartle (ECF No. 55-2, Ex. F).

deponents have each averred that they have no "personal, first-hand, unique or superior knowledge" of Bartle or his personal relationship with Schulte as it relates to this case or the underlying California action.[31]  Pemble and Straub have further averred that, although they had authority to authorize business ventures with third-parties, they did not authorize any business venture with Bartle.[32]  McLoughlin has averred that he "would have been aware of and generally involved in any decision to enter into any business ventures between Garmin and third-parties in relation to the G900X project" and that he was not aware of any business venture with Bartle.[33]

Garmin provides no affidavit or declaration from Casey to justify a protective order against his deposition.  Bartle contends that Casey has personal knowledge as shown by a sworn declaration submitted in the California action and various communications involving him.[34]  While conceding that he had no communication with Straub, Bartle contends that Straub has personal knowledge of relevant matters through communications with Schulte that he and Bartle were ground testing the Lancair IV-P to test a Garmin system.[35]  Bartle also points out that Straub and McLoughlin are named as persons with knowledge of facts in support of denials for requests for admission.[36]  With respect to McLoughlin, Bartle further surmises that he has personal knowledge of relevant facts,

---

[31]*See* ECF No. 86-1 (Decl. Pemble ¶ 2; Decl. Straub ¶ 2; Decl. McLoughlin ¶ 2).

[32]*See id.* (Decl. Pemble ¶¶ 5-6; Decl. Straub ¶¶ 5-7).

[33]*See id.* (Decl. McLoughlin ¶¶ 5-6).

[34]*See* Resp. to Mot. Prot. Order at 4 (citing to Exs. A through E (ECF 62-1 through 62-5).

[35]*See id.* at 5 (citing Ex. M, ECF 62-13).

[36]*Id.* at 6-8.

because he is listed as a witness in the California action.[37]  Bartle contends that Pemble has personal knowledge of the joint venture issue in this case, because he was directly involved in the project and would have information related to Garmin's policies regarding experimental markets and using customers to test new products.[38]

Garmin's additional support for the motion primarily relies on a lack of personal knowledge by the proposed deponents.  Bartle contests such lack of knowledge.  In general, moreover, "a party seeking discovery  may test an asserted lack of knowledge."[39]  A mere lack of personal knowledge does not establish good cause to preclude a requested deposition.[40]  Garmin has shown no good cause to preclude the depositions of the four proposed deponents.  It provides nothing to show that the noticed depositions will subject any deponent to annoyance, embarrassment, oppression, or undue burden or expense.  It states that the deponents "have significant obligations", but does not address how the proposed depositions would sufficiently interfere with those obligations to justify precluding them.[41]  This is not a case where the Court can reasonably infer from a submitted affidavit, declaration, or other document that the proposed deposition will interfere with the obligations of the deponents.  In the absence of good cause shown, the Court does not enter a protective order to prohibit proposed depositions.

---

[37]*Id.* at 7.

[38]*Id.* at 8-9.

[39]*Horsewood v. Kids "R" Us*, No. 97-2441-GTV, 1998 WL 526589, at *6 (D. Kan. Aug. 13, 1998).

[40]*See id.* at *7.

[41]Mem. Supp. Mot. Prot. Order at 7-8.

Garmin has also not shown good cause to limit their use to this litigation or to prohibit Bartle's attorneys in the California action from attending the depositions.  It relies on cases involving confidential information or trade secrets – concerns not present here.  This Court recognizes that discovery has ended in the California litigation and that Garmin believes the noticed depositions are merely a way to circumvent the deadlines and discovery rulings in that litigation.  But Garmin has not shown that the requested alternative limitations are warranted under the circumstances to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense.  It simply claims that Bartle will "gain an unfair advantage in that litigation" without support or elaboration.[42]

Garmin has, however, shown good cause to limit the four depositions to two hours each. When Bartle noticed the depositions for just prior to the close of discovery, he scheduled them two hours apart at the same location.[43]  He should not be able to expand them after the filing of a motion for protective order.  The Court thus grants the motion for protective order only to that limited extent.  It otherwise denies the motion.

## IV.     Motion to Compel

Bartle moves to compel Pemble, McLoughlin, Straub, and Casey to appear for their deposition, because counsel for Garmin "unilaterally determined that these individuals" would not appear.[44]  Bartle appears to bring the motion pursuant to Fed. R. Civ. P. 37(a).  Under Rule 37(a)(1), a party may move for an order compelling discovery after conferring or attempting to confer in good

---

[42] *See* Reply Supp. Mot. Prot. Order at 7.

[43] *See* ECF 48-51.

[44] Mot. Compel at 1.

faith with the person or party failing to provide discovery.  Rule 37(a)(3) sets out specific types of motions to compel, i.e., to compel disclosure, discovery response, or related to a deposition.  By their terms, neither the general grant of authority of Rule 37(a)(1) nor the specific authorization of Rule 37(a)(3) provide an adequate basis to compel attendance at a deposition before the proposed deponent has failed to appear.  An anticipated failure to appear is insufficient to justify granting a motion to compel attendance.

In this case, however, Garmin responded to the motion to compel with its motion for protective order.  The deponents thus did not appear as anticipated.  Even so, Rule 37(a) still does not authorize a motion to compel.  Instead, Fed. R. Civ. P. 26(c)(2) comes into play if the Court partially or entirely denies the motion for protective order.  That rule provides discretionary authority for the Court to, "on just terms, order that any party or person provide or permit discovery."  Because the Court has almost entirely denied the motion for protective order, it exercises its discretion under Rule 26(c)(2) to compel the four proposed deponents to appear for properly noticed depositions at a time and location agreed upon by the parties.  The motion to compel is otherwise denied.

## V.    Conclusion

For the foregoing reasons, the Court grants in part and denies in part the Motion to Compel Appearance at Depositions (ECF 53) filed by Defendant Bartle and Defendant Garmin's Motion for Entry of Protective Order (ECF 54).  The Court hereby limits the depositions of Cliff Pemble, Frank McLoughlin, Phil Straub, and Tim Casey to two hours each.  The motion for protective order is otherwise denied.  Pursuant to Fed. R. Civ. P. 26(c)(2), the Court compels those individuals to appear for a duly noticed deposition within thirty days of the date of this Memorandum and Order or within such other time to which the parties may agree.  The motion to compel is otherwise denied.

Each party shall be responsible for its or his own expenses on the two motions.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 6th day of September, 2012.**


**<u>S/Gerald L. Rushfelt</u>**
**Gerald L. Rushfelt**
**United States Magistrate Judge**