IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CERTAIN UNDERWRITERS** ) | |
| **AT LLOYD'S LONDON, et al,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 11-CV-2426-EFM |
| ) | |
| **GARMIN INTERNATIONAL, INC.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

In this action, Plaintiffs seek a declaratory judgment action to determine whether Defendant Henry P. Bartle (Bartle) is entitled to coverage under an insurance policy issued by them to Defendant Garmin International, Inc.[1] The Court has under consideration a Motion for Protective Order (ECF 78), filed by Defendant Bartle. It seeks to preclude a deposition of his expert, because the discovery deadline has passed. Plaintiffs oppose the motion. For the reasons set out below, the Court grants the motion.

### I.    Relevant Factual Background

The Court initially set deadlines of June 15, 2012 to complete discovery and May 21, 2012, for defendants to disclose their experts.[2] It later extended those deadlines to July 16, 2012, and July 23, 2012, respectively.[3] Bartle timely disclosed his expert on July 23, 2012. Plaintiffs thereafter sought to depose the expert. The notice of deposition prompted the instant motion for protective order. During the efforts to confer on the matter, Bartle indicated he might agree to the deposition

---

[1] Pretrial Order § 2.

[2] Scheduling Order (ECF 17) at 4, 6.

[3] *See* ECF 35 (Order of Apr. 24, 2012).

outside the discovery deadline, if the parties could agree to produce documents he sought, but which had not been produced because of an objection of untimeliness.[4] The motion is fully briefed and ready for ruling.

## II.    Motion for Protective Order

Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The movant must show good cause for a protective order.[5] If the party opposing the discovery provides a sufficient basis for the Court to find good cause, the Court also considers other factors that were or could have been presented by the party seeking the discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[6]

Courts have broad discretion to decide when a protective order is warranted, and if warranted, the scope of protection required given the situation at hand.[7] Through Rule 26(c), the courts have "substantial latitude to fashion" an appropriate protective order after fairly weighing "the competing needs and interests of the parties affected by discovery."[8] Despite the broad grant of discretion given

---

[4]*See* Mot. Prot. Order at 2; ECF No. 78-2; ECF 79-1 (Ex. 2).

[5]*Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[6]*See*, *e.g.*, *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (noting factors demonstrating good cause for the court's protective order and then further considering that the party seeking the deposition made no attempt to demonstrate that the sought information could not be gathered from other sources, for whom a deposition might have been less burdensome); *Gazaway v. Makita U.S.A., Inc.*, No. 97-2287-JWL, 1998 WL 219771, at *3 (D. Kan. Apr. 16, 1998) (after finding an adequate showing of good cause, the court considered that "Plaintiff has shown no crucial need for the deposition" and that the plaintiff had not shown why discovery from others "has not or could not be obtained").

[7]*Layne Christensen Co.*, 271 F.R.D. at 244.

[8]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

the courts, a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c).[9]  In general, courts do not favor completely barring a deposition.[10]  In fact, they rarely do so under Rule 26(c) except in extraordinary circumstances.[11]  Of course, procedural matters – such as untimeliness – may also warrant prohibiting a deposition.[12]  To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[13]  "A party may demonstrate good cause, within the meaning of Fed. R. Civ. P. 26(c), to prohibit a deposition by showing it would violate the deadline for discovery."[14]

Bartle argues that good cause exists to prohibit the deposition of his expert, because Plaintiffs noticed the deposition after the discovery deadline.[15]  He points out that Plaintiffs have not sought to extend the time for discovery and he does not consent to such extension.[16]  Plaintiffs, on the other hand, interpret the discovery deadline as applying only to fact and not to expert, discovery.[17]  They make no request for the Court to extend the discovery deadline or to grant leave to conduct discovery

---

[9]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[10]*Leighr v. Beverly Enterprises-Kansas Inc.*, 164 F.R.D. 550, 552 (D. Kan. 1996).

[11]*See Mike v. Dymon, Inc.*, 169 F.R.D. 376, 378 (D. Kan. 1996).

[12]*Sithon Mar. Co. v. Holiday Mansion*, No. 96-2262-KHV, 1999 WL 66216, at *1 (D. Kan. Feb. 8, 1999).

[13]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[14]*Sithon Mar. Co.*, 1999 WL 66216, at *1.

[15]*See* Mot. Prot. Order at 1-2.

[16]*Id.* at 1.

[17]Pls.' Resp. to Mot. Prot. Order at 4.

outside the deadline.[18] They ask the Court to deny the motion and order Bartle to produce his expert for deposition in sufficient time to permit them to meet a deadline of September 10, 2012 for challenging experts.[19] In reply, Bartle strictly interprets the Scheduling Order to set one deadline for all discovery.[20] He consents to extend the discovery deadline, however, if the Court grants the extension equally for all parties.[21]

The Scheduling Order in this case clearly sets one deadline for all discovery. The extension of that deadline did not separate expert discovery from fact discovery, even though the deadline for defendants to disclose their experts by extension fell outside the discovery deadline.[22] The untimeliness of the deposition provides a sufficient showing of good cause to find the deposition oppressive within the meaning of Rule 26(c)(1).[23] Bartle has carried his burden to show good cause to justify prohibiting the deposition of his expert witness.

Plaintiffs argue that a rigid interpretation of the deadline would "preclude expert discovery simply because it extended the time for expert disclosures beyond the deadline for discovery" and would require it to "cross examine an opposing expert at trial without the opportunity to explore that

---

[18]*See id.* at 1-4.

[19]*See id.* at 4. The deadline for challenging experts is the subject of a pending motion for extension of time. *See* ECF 93.

[20]*See* Reply (ECF 81) at 1-2.

[21]*See id.*

[22]The Court foreshadowed this ruling at the Final Pretrial Conference when it modified ¶ 13 to read "Expert Disclosures also have not been completed in that Rebuttal Expert designations are not due until August 6, 2012" from the text originally submitted – "Expert Discovery also has not been completed . . .."

[23]*See Sithon Mar. Co.*, 1999 WL 66216, at *4.

expert's opinions before trial."[24]  The Court considers these arguments as part of the totality of the circumstances to determine whether it should enter the requested protective order.

This Court has long recognized that court-imposed deadlines are "better characterized as presumptive, rather than rigid and absolute."[25]  Parties, however, have three choices when deadlines pose a problem:  (1) move for an appropriate extension under Fed. R. Civ. P. 6(b), and if necessary, show good cause to modify the scheduling order in accordance with Rule 16(b); (2) enter into a written stipulation consistent with Fed. R. Civ. P. 29; or (3) "seek leave to proceed beyond the applicable deadline."[26]  Plaintiffs have pursued none of these options.  Their arguments against a strict interpretation of the discovery deadline ignore these options and their failure to pursue them.  Even if the parties could not agree to an appropriate stipulation under Rule 29, nothing prevented Plaintiffs from moving for an appropriate extension of time or for leave to pursue the deposition out of time.  They did not do so, even in response to the instant motion for protective order.

In general, the Court will grant a protective order to preclude an untimely deposition, unless the party seeking the deposition shows good cause, within the meaning of Fed. R. Civ. P. 16(b), to extend the discovery deadline.[27]  The party seeking to establish good cause under Rule 16(b) must show that "it could not have reasonably met the scheduled deadline[]" even had it acted with due

---

[24]Pls.' Resp. to Mot. Prot. Order at 4.

[25]*Outley v. Coca Cola Enters., Inc.*, No. 97-2056-GTV, 1998 WL 118070, at *2 (D. Kan. Mar. 11, 1998).

[26]*Sithon Mar. Co.*, 1999 WL 66216, at *2.

[27]*See id.* at *1.

5

diligence.[28]  This compels more than showing "excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[29]  Bartle timely disclosed his expert, albeit after the deadline for discovery.  Plaintiffs could not have deposed the expert before the close of discovery, when Bartle did not disclose the expert until a week later.  While these facts may generally constitute good cause to extend the deadline under Rule 16(b), Plaintiffs have not sought an extension of time or leave to proceed beyond the expired deadline.  Rather, they merely served notice for the deposition outside the discovery period and tried to justify that action with an unpersuasive interpretation of the deadline.  In the absence of a proper motion or request, the Court finds no good cause to modify the discovery deadline under Rule 16(b).  It will not extend the deadline or grant leave to proceed with discovery outside the discovery period in the absence of a motion to do so.[30]  Plaintiffs have simply chosen not to seek modification of the scheduling order under Rule 16(b)(4).

Considering all relevant circumstances, Bartle has demonstrated good cause under Fed. R. Civ. P. 26(c)(1) to preclude the proposed deposition of his expert, which is oppressive given its untimeliness.[31]

---

[28]*Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[29]*Id.* (quoting *Broitman v. Kirkland (In re Kirkland )*, 86 F.3d 172, 175 (10th Cir. 1996)).

[30]*See* Fed. R. Civ. P. 6(b)(1)(B) (requiring a motion for extension of time, if the deadline has already passed).  Requests to perform an act "out of time" or after the passing of a deadline are likewise considered under Rule 6(b).  *See Jetcraft Corp. v. Banpais, S.A. De C.V.*, 166 F.R.D. 483, 485 (D. Kan. 1996) (addressing request for leave to file answer out of time); *Strope v. Collins*, No. 06-3150-JWL, 2008 WL 696246, at *1 (D. Kan. Mar. 13, 2008) (treating motion for leave to serve discovery out of time under D. Kan. Rule 6.1(a), which parallels Fed. R. Civ. P. 6(b)).

[31]The parties may still enter into appropriate stipulations about discovery consistent with Fed. R. Civ. P. 29.  Section 13 of the Pretrial Order, furthermore, provides:

**V.	Conclusion**

For the foregoing reasons, the Court grants the Motion for Protective Order (ECF 78), filed by Defendant Bartle.  For good cause shown, Plaintiffs may not depose Bartle's expert without an appropriate stipulation under Fed. R. Civ. P. 29, Bartle's express agreement to allow the discovery out of time without objection consistent with § 13 of the Pretrial Order, or further order of the Court to extend the discovery deadline.  By reaching an agreement on the proposed production of documents by Plaintiffs, the parties can themselves moot the protection herein ordered.  Even though Fed. R. Civ. P. 26(c)(2) makes Rule 37(a)(5) applicable for the award of expenses, the Court finds that an award of expenses is unjust under the circumstances.  Plaintiffs had a reasonable basis for pursuing the deposition after the close of discovery, given the fact that Bartle timely disclosed his expert after the discovery deadline.  The parties shall be responsible for their own expenses on the motion.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 25th day of September, 2012.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**

---

Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations.  Under these circumstances, the parties may conduct discovery beyond the deadline for completion of discovery if all parties are in agreement to do so, but the court will not be available to resolve any disputes that arise during the course of this extended discovery.