## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS | ) | |
| AT LLOYD'S LONDON, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11-CV-2426-EFM |
| | ) | |
| GARMIN INTERNATIONAL, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

In this action, Plaintiffs seek a declaratory judgment to determine whether Defendant Henry

P. Bartle (Bartle) is entitled to coverage under the Aviation Products and Grounding Liability

Insurance Policy AB0700442 (the Policy) issued by them to Defendant Garmin International, Inc.

(Garmin).[1]  The Court has under consideration Defendant Henry Bartle's Motion to Compel Pro-

duction of Complete Policy (ECF No. 82) and a Response to Order to Show Cause (Doc. 75) (ECF

No. 80), filed on the same day by his attorney.  In the response, counsel for Bartle attempts to show

cause why the Court should not sanction him for his failure to prepare for a pretrial conference.  For

the most part the response of counsel complains that Plaintiffs had not produced all relevant

insurance policies in this case and that he therefore had an ethical duty to his client to withhold his

proposals for the final pretrial order, instead of providing them as ordered by the Court.  Through

his motion Bartle seeks to compel production of what he describes to be the complete insurance

policy at issue in this case, including the Aircraft Owned/Non Owned Liability Policy, (GW213146,

or renewals thereof) and Hangarkeepers and Premises Liability Policy (AGL213147, or renewals

---

[1]Pretrial Order (ECF No. 89) § 2.

thereof) that are incorporated by reference in the policy.  Plaintiffs and Garmin oppose the motion.

For the reasons set out below, the Court denies the motion and finds no cause for the failure of

preparation.

## I.     Relevant Factual Background

Plaintiffs commenced this declaratory action with a civil complaint on August 2, 2011.[2]

They attached Policy AB0700442 to the complaint.[3]  That policy specifically identifies the two

additional policies that Bartle now seeks to be produced.[4]

On November 23, 2011, the Court set a deadline of December 1, 2011, for exchanging

information required by Fed. R. Civ. P. 26(a)(1).[5]  As set out in the Scheduling Order, the parties

agreed to exchange or make available the various documents described in their respective Rule

26(a)(1) disclosures.[6]  The Scheduling Order also addressed the filing of motions to compel:

> Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall
> be filed and served within 30 days of the default or service of the response, answer,
> or objection which is the subject of the motion, unless the time for filing such a
> motion is extended for good cause shown. Otherwise, the objection to the default,
> response, answer, or objection shall be waived.  *See* D. Kan. Rule 37.1(b).[7]

The Court set a final pretrial conference for July 17, 2012, and ordered defendants to submit a

---

[2]*See* Compl. for Decl. J. (ECF No. 1).

[3]*See* Ex. A (ECF No. 1-1).

[4]*See id.* at 10.

[5]*See* Scheduling Order (ECF No. 17) at 4.

[6]*Id.*

[7]*See id.* at 9.

2

proposed pretrial order by July 10, 2012.[8]

On December 1, 2011, Plaintiffs and Garmin made their initial disclosures.[9]  In partially granting an unopposed motion to extend various deadlines in April 2012, the Court extended the discovery deadline to July 16, 2012, and the deadline for supplementing disclosures to July 2, 2012.[10] Bartle served his first requests for production of documents to Plaintiffs on June 22, 2012.[11]  The next week the Court rescheduled the final pretrial conference to July 26, 2012, and extended the deadline for the parties to submit their proposed pretrial order to July 19, 2012.[12]  Plaintiffs supplemented their initial disclosures on July 2, 2012.[13]

By letter dated July 18, 2012, counsel for Bartle asked Plaintiffs for copies of the two additional insurance policies and informed them he would not agree to any proposed pretrial order.[14] Instead of co-operating to prepare a proposed pretrial order for the final pretrial conference of July 26, 2012, he filed a motion on July 19, 2012, to extend the time to provide the proposed order.[15] Plaintiffs and Garmin opposed the extension.[16]  The Court denied the motion at the conference on

---

[8]*See id.* at 10.

[9]*See* ECF Nos. 19 and 20.

[10]*See* ECF No. 35.

[11]*See* ECF No. 43.  Nothing of record indicates that Bartle has sought any discovery from Garmin.

[12]*See* ECF No. 45.

[13]*See* ECF No. 46.  Nothing of record indicates that Garmin supplemented its disclosures.

[14]*See* ECF No. 83-1 (Ex. 1 to Decl. of Carpenter).

[15]*See* ECF No. 57.

[16]*See* ECF Nos. 59 and 61.

July 26, 2012.[17]  At the request of the Court, counsel for Bartle then provided by e-mail his proposed contentions for the pretrial order.  Neither the Court nor opposing counsel, however, had had opportunity to review that material.  Upon its own motion the Court continued the final pretrial conference to July 31, 2012.[18]  The conference concluded on that date.  The Court also directed counsel for Bartle to show cause in writing why sanctions should not be imposed for his earlier lack of timely preparation for the conference of July 26.[19]

On August 10, 2012, counsel for Bartle filed the instant motion and his response to the Order to Show Cause.  With respect to the motion, he certified he had made reasonable efforts to confer with counsel for Plaintiffs.[20]  Plaintiffs and Garmin separately opposed the motion on August 24, 2012.[21]  On September 5, 2012, a non-party provided Bartle with certified copies of the two policies he was seeking from Plaintiffs and Garmin.[22]  Bartle has recognized that receipt of those copies may moot his motion, yet argues that Plaintiffs and Garmin "still have obligations to produce the underlying policies pursuant to the initial disclosure requirements of Rule 26(a)(1)(A)."[23]  The motion is ready for ruling.  And the Court will address the response to its Order to Show Cause.

---

[17]*See* ECF No. 65.

[18]*See id.*

[19]*See* ECF No. 74 and Order to Show Cause (ECF No. 75).

[20]*See* Mem. Supp. (ECF No. 83) at 9.

[21]*See* Pls.' Resp. (ECF No. 90); Garmin's Resp. (ECF No. 92).

[22]Reply (ECF No. 99) at 2-3.  As of the date of the reply, Bartle's attorney had "not had ample opportunity to review the policies produced to ascertain whether they are in fact the policies he requested."  *Id.* at 2.

[23]*Id.* at 3.

**II.     Motion to Compel**

Bartle seeks to compel Plaintiffs and Garmin to produce the complete insurance policy at issue in this action, so as to include the two additional policies referenced therein.  He appears to bring the motion pursuant to Fed. R. Civ. P. 37(a) on grounds that Plaintiffs and Garmin were obligated to disclose the two additional policies in accordance with Rule 26(a).

Under Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or discovery."  More specifically, when "a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure."[24]  The moving party "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[25]

The motion fails both procedurally and substantively.  Procedurally, Bartle has not provided any certification that he conferred with counsel for co-defendant Garmin prior to filing his motion, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  Had Bartle complied with the conference requirements, this entire motion may have been unnecessary, as indicated by Garmin's offer to provide the requested policies, if Bartle would withdraw the motion.  Under Rule 37.2, the failure to confer with counsel for Garmin provides an adequate reason not to entertain the motion.[26]

---

[24]Fed. R. Civ. P. 37(a)(3)(A).

[25]Fed. R. Civ. P. 37(a)(1).

[26]A second procedural basis for denying the motion – not raised by any party – also appears applicable.  The motion to compel appears untimely under the Scheduling Order and D. Kan. Rule 37.1(b), which require such motions to be filed within thirty days of the default.  It is within the Court's discretion to deny a motion to compel as untimely.  *Norton v. City Of Marietta, Okla.*, 432 F.3d 1145, 1156 (10th Cir. 2005).  To the extent Plaintiffs or Garmin defaulted on their initial disclosures, the motion was due thirty days from December 1, 2011.  To the extent Plaintiffs failed to adequately supplement their initial disclosures, the motion was due within thirty days of July 2,

The motion also fails on its merits.  Rule 26(a)(1)(A)(ii) only requires disclosure of "documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."  Parties are not obligated to disclose material they do not intend to use.[27] Unless something "in the record leads the Court to believe" that a party has improperly withheld materials or has otherwise failed to satisfy disclosure obligations required under Rule 26(a)(1), the Court defers to the disclosing party's determination of what materials to disclose.[28]  The disclosing party is in the best "position to determine what documents or materials it has in its possession, custody or control that it 'may use to support its claims or defenses.'"[29]  In this case, Plaintiffs and Garmin state they do not intend to use any non-disclosed insurance policy to support any claim or defense.[30]  With these affirmations, neither Plaintiffs nor Garmin had a duty to disclose the policies under Rule 26(a)(1)(A)(ii).  Nothing of record convinces the Court that either Plaintiffs or Garmin

2012.  To the extent Garmin failed to supplement its initial disclosures, the motion was due within thirty days of July 3, 2012, because the default occurred after the July 2, 2012 deadline expired. Bartle filed his motion on August 10, 2012.  He has shown no justification for the late filing.  Efforts to confer about the default neither tolls the 30-day period nor justifies the late motion.  *See Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL, 2011 WL 124538, at *1-4 (D. Kan. Jan. 14, 2011).  Although the failure of any party to raise the issue in their briefing on the motion does not preclude the Court from considering the untimeliness of the motion, *see Cont'l Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *4-5 (D. Kan. Jan. 7, 2008), the Court will not rely on the apparent untimeliness to deny it.

[27]Fed. R. Civ. P. 26(a)(1) advisory committee's note (2000 amend.).

[28]*Norouzian v. Univ. of Kan. Hosp. Auth.*, No. 09-2391-KHV-DJW, 2010 WL 4513406, at *3 (D. Kan. Nov. 2, 2010).

[29]*Id.*

[30]*See* Pls.' Resp. at 4-5; Garmin's Resp. at 2.  In its initial disclosures, Garmin stated: "Because this is a declaratory judgment action in which no relief is being sought against Defendant Garmin, this Defendant does not have any information related to its 'defenses' for the purposes of this case."  *See* Ex. 1 (ECF No. 92-1).

failed to satisfy the disclosure requirements of Rule 26(a)(1)(A)(ii).

Bartle also relies on Rule 26(a)(1)(A)(iv) to require Plaintiffs and Garmin to disclose the two policies.[31]  That provision requires disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  But the provision only prompts a duty to disclose insurance agreements that may provide coverage for a judgment rendered in the case before the court.[32]  No party seeks monetary damages in the instant action, but only a declaratory judgment to determine if Plaintiffs have a duty to defend or indemnify Bartle with respect to a civil action in California.[33]  Accordingly, the Court finds no duty of disclosure under Rule 26(a)(1)(A)(iv) in this case.

Bartle relies on *Government Benefits Analysis, Inc. v. Gradient Insurance Brokerage, Inc.*, No. 10-2558-KHV-DJW, 2012 WL 3292850, at *2 (D. Kan. Aug. 13, 2012) for the proposition that a party cannot withhold from disclosure an insurance policy merely because the disclosing party has unilaterally determined that the policy provides no coverage.[34]  Although *Government Benefits* addresses the disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(iv), it does so in the context of a specific request for production of insurance policies under Fed. R. Civ. P. 34.[35]  Unlike this case,

---

[31]*See* Mem. Supp. at 7.

[32]*See Thompson v. United Transp. Union*, No. 99-2288-JWL, 2000 WL 1375293, at *4 (D. Kan. Sept. 15, 2000).

[33]*See* Pretrial Order §§ 10-11.

[34]*See* Reply at 6-7.

[35]*See* 2012 WL 3292850, at *2.

moreover, the *Government Benefits* case asserted a claim for monetary damages.[36]  The parties here

had no duty of disclosure under Rule 26(a)(1)(A)(iv), because this declaratory judgment case will

not result in a judgment for money damages.  The reliance on *Government Benefits* is misplaced on

the facts before this Court.  It provides no support to find that Plaintiffs or Garmin had a duty to

identify and produce the two other insurance policies under Rule 26(a)(1)(A)(iv).

    For these reasons the Court denies the motion to compel.  Garmin asks the Court to sanction

Bartle and/or his attorney under Fed. R. Civ. P. 37 for improvidently filing the motion to compel

without an adequate legal basis, failing to meet and confer as required by D. Kan. Rule 37.2, and

refusing to withdraw the motion when Garmin offered to voluntarily produce the two polices

sought.[37]  As a sanction, it requests that the Court deny Bartle's demand to depose its employees and

any other appropriate sanction the Court deems just under the circumstances.[38]  Bartle urges the

Court to deny the requested sanctions as inappropriate and because the requested sanction has no

relationship to his request for insurance policies.[39]

    The Court agrees that the specifically requested sanction is improper.  But when the Court

has denied a motion to compel, parties opposing the motion are entitled to recover their reasonable

fees and expenses, unless the Court finds the motion "substantially justified or other circumstances

---

[36]*See id.* at *1.

[37]Garmin's Resp. at 4.  Garmin also asks for sanctions under Fed. R. Civ. P. 11(c).  *See id.* But the Court does not consider sanctions under that rule, because Garmin has not complied with the requirement to file a separate motion for sanctions after giving Bartle an opportunity to withdraw his motion as provided in Rule 11(c)(2).

[38]Garmin's Resp. at 4.  In a prior Memorandum and Order, the Court has already considered and allowed the depositions of Garmin's employees.  *See* ECF No. 96.

[39]Reply at 7.

make an award of expenses unjust."[40]

On the information before it, the Court finds no substantial justification for the instant motion. Even though Garmin had no duty to disclose the two insurance policies sought by Bartle, it offered to voluntarily produce them subject to the protective order entered in this case, if Bartle would withdraw the motion to compel. For reasons apparently known only to Bartle, he persisted with his motion despite that offer. And he did so, even after receiving the two policies from a third-party and acknowledging his motion might be moot. His reasons for lack of preparation for final pretrial conference substantially overlap the motion to compel. The motion, however, is not justified even if the Court's show cause order motivated Bartle to persist with his motion after receiving the policies. Pursuing a meritless motion does not aid the efforts to show cause for prior lack of preparation. It instead constitutes sanctionable conduct of itself.

From the briefing the Court does not find other circumstances that make an award of expenses unjust. Bartle has had an opportunity to respond to Garmin's request for sanctions. Plaintiffs have not requested sanctions or expenses. In an abundance of caution, the Court grants Bartle an opportunity to be heard on the issue of expenses consistent with Rule 37(a)(5)(B).[41] Consequently, within fourteen days of the date of this Memorandum and Order, counsel for Bartle shall show cause in writing, why the Court should not order payment of the reasonable expenses incurred by Plaintiffs and Garmin in responding to the motion to compel. To expedite consideration of possible sanctions, Plaintiffs and Garmin may provide a detailed itemization of incurred expenses

---

[40]*See* Fed. R. Civ. P. 37(a)(5)(B).

[41]Nothing indicates or suggests that Bartle himself should be held responsible for filing and pursuing the meritless motion.

within that same time period.[42]  Within seven days of those filing(s) by Bartle, Garmin, or Plaintiffs in response to this order, the other parties may file a reply memorandum.  In lieu of individually responding to the show cause order and providing any itemization of expenses, the parties may work out a suitable agreement among themselves regarding any sanctions.  If they reach such an agreement, they may file a joint response to the show cause order and the Court can defer to them.

## III.      Response to Order to Show Cause

For the most part, counsel for Bartle seeks to excuse his lack of preparation for the July 26, 2012 pretrial conference by referring to an ethical duty to his client to avoid submitting proposals for a final pretrial order, because Plaintiffs  allegedly did not produce all the insurance policy upon which they deny coverage.  The Court finds no difficulty in understanding the ethical duty for an attorney to provide adequate representation to his client.  What further concerns the Court, however, is an apparent failure by counsel to understand that his duty to the client has existed throughout this litigation and not simply in preparing a proposed pretrial order.  Counsel has a correlative duty, moreover, to obey the orders of the Court.  In this instance those orders directed him to co-operate in the preparation of a proposed pretrial order for submission to the Court by July 19, 2012.  Instead of engaging in that co-operation, he filed a motion which the Court denies for lack of merit.

By his response, counsel for Bartle attributes to Plaintiffs and Garmin all fault for the alleged failure to provide all portions of the relevant insurance policy in this case.  A review of the history of this case, however, reveals that Defendant Bartle and his counsel share any responsibility for a lack of disclosure or production.  Counsel points to the failure of Plaintiffs and Garmin to provide

---

[42]By setting a deadline for providing the itemization, the Court is not prejudging that it will order expenses.  It is merely expediting consideration of the issue.

the text of two underlying policies that may provide coverage for the tort claim pending in California. Those policies are specifically identified on page 9 of the policy at issue in this case. The Court notes, however, that Exhibit A, attached to the Complaint, filed August 2, 2011, purports to be the relevant insurance policy. And it includes page 9, identifying the two additional policies.

Counsel offers no explanation for not having sought early production of documents that he now deems so allegedly important to Bartle's defense. Or why did he not seek them at least well in advance of the final pretrial conference. The Court conducted the initial scheduling conference in this case on November 23, 2011. It set a discovery deadline of June 15, 2011. It later extended that deadline to July 16, 2012. It continued the final pretrial conference to July 26, 2012. Yet Defendant Bartle apparently waited seven months after the commencement of discovery and one month before pretrial, before he finally served his first requests for production of documents to Plaintiffs on June 22, 2012, followed by a letter to their counsel on July 18, 2012, seeking these allegedly important items.

Counsel for Defendant Bartle also faults Plaintiffs and Garmin for not providing the documents in question as part of their disclosures, pursuant to Fed. R. Civ. P. 26(a). This Memorandum and Order, however, settles that issue by finding they had no duty to disclose the requested policies under that rule. If they are crucial to any declaratory judgment, the trial judge can determine that question at trial or upon dispositive motion. Like the ethical duty discussed above, the disclosure requirements of Rule 26(a) do not excuse counsel's lack of preparation for the July 26, 2012 pretrial conference.

Defendant Bartle argues that the two additional insurance policies must be material components of Plaintiffs' case and, therefore, subject to their mandatory disclosure under Rule 26(a).

Without them, he contends, the Court will not have the entire contract upon which declaratory judgment is sought. Plaintiffs take an opposite view, contending the two additional policies are not material to their case. At this point the Court does not determine that question. It does note, however, that many commercial contracts refer to and even incorporate other documents without detailing or including them as attachments. Such items may include statutes, industrial standards, treaties, scientific tables, master contracts, protocols, work schedules, administrative procedures, or other references. And in order to determine a particular contract issue, one or more of those additional items may or may not be material or relevant. But a claim upon a contract does not necessarily place in issue every detail of the contract. In this case Plaintiffs do not view the two additional insurance policies as material to their case.

For the foregoing reasons, the Court finds that counsel for Bartle has not shown cause why the Court should not sanction him for his lack of preparation. The Court will defer deciding an appropriate sanction pending review of the separate but somewhat related issue of sanctions upon the motion to compel. The Court invites the parties to work out a suitable agreement among themselves regarding the issue of sanctions for the lack of preparation. If they reach a mutual agreement on the issue, they may inform the Court in a joint response to the show cause order discussed in the preceding section.

## IV.    Conclusion

For the foregoing reasons, the Court denies Defendant Henry Bartle's Motion to Compel Production of Complete Policy (ECF No. 82). That denial prompts consideration of sanctions under Fed. R. Civ. P. 37(a)(5)(B). Accordingly, as set out herein, the Court has given counsel for Defendant Bartle an opportunity to show cause why the Court should not order him to pay the

12

reasonable expenses incurred in responding to the motion.

In addition, upon considering the Response to Order to Show Cause (Doc. 75) (ECF No. 80), the Court finds no cause why it should not sanction Bartle's attorney for his failure of preparation related to the final pretrial conference.  The Court, however, defers deciding an appropriate sanction pending review of information it may receive, related to the issue of expenses on the motion to compel.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 25th day of October, 2012.**


**S/Gerald L. Rushfelt**
**Gerald L. Rushfelt**
**United States Magistrate Judge**