## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON, et al.,

     *Plaintiffs,*

vs.

     Case No. 11-CV-2426-EFM/GLR

GARMIN INTERNATIONAL, INC., et al.,

     *Defendants.*

## MEMORANDUM AND ORDER

On July 15, 2013, the Court issued its Memorandum and Order granting Plaintiffs'
Second Motion for Summary Judgment and denying Defendant Henry Bartle's Motion for
Summary Judgment and Plaintiffs' First Motion for Summary Judgment. This matter comes
before the Court on Defendant Henry Bartle's Motion for Reconsideration of Order on Summary
Judgment Motions and for Relief from the Judgment Thereon (Doc. 183). For the reasons
below, the Court denies Bartle's motion.

Bartle seeks reconsideration of the Court's Order under Fed. R. Civ. P. 59(e) and Fed. R.
Civ. P. 60(b). Rule 59(e) permits a party to request reconsideration and alteration of a final
judgment.[1] The Court will reconsider and alter an earlier judgment if the movant presents

---

[1]   Fed. R. Civ. P. 59(e).

evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct clear error in the earlier judgment.[2]  Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[3]

Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[4]  Under Rule 60(b), the court may relieve a party from a final judgment for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 50(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . or (6) any other reason that justifies relief.[5]

The Tenth Circuit has held that Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances."[6]  A party who seeks relief under Rule 60(b) has a high hurdle to overcome because such a motion is not a substitute for an appeal.[7]  The decision to grant Rule 60(b) relief lies within the "substantial discretion" of the district court.[8]

Bartle asserts four arguments as to why the Court should reconsider its ruling granting Plaintiffs' Second Motion for Summary Judgment.  First, Bartle argues that the Court's ruling

---

[2]  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3]  *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[4]  *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[5]  Fed. R. Civ. P. 60(b).

[6]  *Zurich v. N. Am. Matrix Serv. Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Paraclete*, 204 F.3d at 1009).

[7]  *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007).

[8]  *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

was "unfair" because the Court "invoked an issue never raised by the parties" by applying the "ultimate showing test" and finding that Plaintiffs had no duty to defend Bartle in the California lawsuit.[9]  Unfairness is not a legitimate basis for reconsideration or alteration of judgment under Rule 59(e) and Rule 60(b).  Furthermore, the Court's analysis of the "ultimate showing test" in its Order was not a surprise to the parties as Bartle asserts it was.  Plaintiffs raised this argument in both their reply to their Second Motion for Summary Judgment and in response to Bartle's Motion for Summary Judgment.

Second, Bartle asserts that the Court erred by making "factual findings contradicted by the un-considered evidence" and finding in favor of Plaintiffs.[10]  Bartle takes issue with the fact that the Court did not raise the issue of his failure to specifically cite to the record until it issued its Memorandum and Order on July 15, 2013.  He also argues that he actually did cite to the record with specificity, but it was the Court's e-filing system that made the cited documents difficult to find.  These arguments are not persuasive.  The Court has no duty to notify parties prior to issuing its decision that they have failed to adequately cite to the record.  It assumes that they are competent to read and follow Local Rule 56.1 on their own.  Plaintiffs also raised the issue of Bartle's failure to cite to the record in their response to Bartle's Statement of Facts nearly one year before the Court issued its decision, and Bartle did not seek leave to correct his filing within that time.  Additionally, it was not the Court's e-filing system, but Bartle's lack of adequate citation to the record that caused the Court to disregard Bartle's alleged evidence of a

---

[9]    Bartle's Memorandum in Support of Motion for Reconsideration, Doc. 184, p. 12.

[10]    Bartle's Memorandum in Support of Motion for Reconsideration, Doc. 184, p. 13.

joint venture.  The Court is not required to sift through the record to find a genuine issue of material fact or locate arguments for a party.[11]

Third, Bartle asserts that his evidence shows that there is a genuine issue of fact regarding whether he and Garmin were involved in a business relationship.  In support of this contention, he references an appendix attached to his brief that contains the evidence he cited to in response to Plaintiffs' Second Motion for Summary Judgment.  Bartle has also assembled this evidence into binders and requests to submit these binders to the Court for its review.  The Court denies Bartle's request to file the binders with the Court.  It further finds that Bartle's argument fails to establish a basis for reconsideration under Rule 59(b) and Rule 60(e) because it is simply a re-hash of Bartle's previous arguments and evidence that the Court rejected on summary judgment.

Fourth, Bartle asserts that the Court erred in finding that the claims against him in the underlying California lawsuit were only asserted in his individual capacity because the Court did not point to any specific language in the Complaint upon which it based its finding.  Again, Bartle's argument is simply a restatement of those arguments he presented and the Court rejected on summary judgment.  Accordingly, there is no basis to reconsider or alter the judgment under Rule 59(e) or Rule 60(b).

With respect to Bartle's Motion for Summary Judgment, Bartle argues that the Court should have granted his motion because Plaintiffs failed to provide specific references to the record in denying his "undisputed fact" that there was a business relationship between Bartle and Garmin for "the installation of the G900X in Defendant Bartle's aircraft."[12]  Bartle argues that

---

[11]  *KM Mentor, LLC v. Knowledge Mgmt. Prf'l Soc'y, Inc.*, 712 F. Supp. 2d 1222, 1230 (D. Kan. 2010) (citing *Boldridge v. Tyson Foods, Inc.*, 2007 WL 1299197, at *2 (D. Kan. May 2, 2007)).

[12]  Bartle's Memorandum in Support of Motion for Reconsideration, Doc. 184, p. 10.

this fact, along with his other undisputed facts, supports his motion for summary judgment and requires the Court to reconsider and alter its judgment. The Court disagrees. Even if the Court accepts such fact as undisputed, it is not dispositive to Bartle's motion. Bartle's motion only asked the Court to determine (1) whether the Court had subject matter jurisdiction; (2) whether the use of the term "Insured" created an ambiguity in the policy; and (3) whether Bartle was entitled to coverage based on the ambiguity created by the term "Insured." Bartle's motion did not address whether there was a joint venture or any other business relationship between the parties. Instead, this issue was addressed and fully considered in Plaintiffs' Second Motion for Summary Judgment. Thus, there is no basis for the Court to reconsider or alter its Order regarding Bartle's Motion for Summary Judgment.

After reviewing Bartle's Motion for Reconsideration, the record in this case, and the Court's previous Order, the Court concludes that Bartle has not identified an intervening change in controlling law, newly discovered evidence, or the need to correct a clear error in judgment that justifies relief under Rule 59(e) or mistake, inadvertence, surprise, or excusable neglect or any other reason that justifies relief under Rule 60(b). Consequently, there is no need for the Court to alter or amend its Order.

**IT IS ACCORDINGLY ORDERED** this 19th day of November, 2013, that Defendant Henry Bartle's Motion for Reconsideration of Order on Summary Judgment Motions and for Relief from the Judgment Thereon (Doc. 183) is hereby **DENIED**.

**IT IS SO ORDERED**.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE